THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**ERNESTO RUIZ-ROMERO**

    **Plaintiff,**

    v.

**SECRETARY OF JUSTICE OF PUERTO RICO**

    **Defendant.**

**Civil No. 21-1041 (ADC)**

## OPINION AND ORDER

On January 26, 2021, Ernesto Ruiz-Romero ("plaintiff") filed a *pro se* "habeas corpus" petition against the "Secretary of Justice" of Puerto Rico requesting that this Court "enjoin" state court cases "JICR2020000285, JIVP202001082." **ECF No. 1**. Petitioner also filed a "motion for mandamus." **ECF No. 2**.

Plaintiff is frequent filer in this Court as well as in the state courts.[1] A review of this Court's electronic docket reveals that plaintiff has filed 15 civil actions in this Court. Among them, the Court found that plaintiff filed a very similar action to the one at hand. To wit, the same day he filed the instant complaint, plaintiff filed a second complaint against the Secretary of Justice. *See Ernesto Ruiz-Romero v. Secretary of Justice*, 21-1042 (GAG). Notably, in both cases

---

[1] The Court notes that since 2019, plaintiff has filed over 10 civil actions in the Puerto Rico Court of First Instance ("state court") and well over 50 civil actions from 2012 to 2019.

plaintiff requests relief from the exact same two state court cases "JICR2020000285 and JIVP202001082." In *Ernesto Ruiz-Romero v. Secretary of Justice*, 21-1042 (GAG), the Court dismissed *sua sponte* plaintiff's complaint explaining that this Court cannot "transfer" or remove state court cases "JICR2020000285 and JIVP202001082" to this Court. *Id*. at 3.

Upon a closer review, the Court discovered that plaintiff has filed several other cases against the "Secretary of Justice" with similar general allegations claiming that plaintiff cannot file civil action in state court. *See Ruiz-Romero v. Secretary of Justice,* et al., 20-1511 (RAM); *Ruiz-Romero v. Department of Justice of PR,* 20-1506 (RAM). In both of these cases, the Court appointed *pro bono* counsel. However, in both cases, counsel for plaintiff filed notices for voluntary dismissals. *Id*.

In light of all the above, plaintiff is **granted 15 days from the issuance of this order to**:

1. Explain how the complaint in this case is any different from the complaint dismissed in *Ernesto Ruiz-Romero v. Secretary of Justice*, 21-1042 (GAG);

2. Explain when and where, and under what Judgment plaintiff was incarcerated and remains in custody. *See* 28 U.S.C. § 2254(a);

3. Explain the remedies exhausted by plaintiff, see id. at § 2254(b) and (c), and shall explain how his petition falls within any of the provisions of 28 U.S.C. § 2254(a), if any;

4. The Court also points out that plaintiff's petition at **ECF No. 1**, fails to include (i) a short and plain statement of the ground for the court's jurisdiction; (ii) a short and plain statement of

the claim showing entitlement to relief; and (iii) a demand for the relief sought. Thus, plaintiff is also ordered to file an amended complaint in compliance with Fed. R. Civ. P. 8.

The motion for "mandamus" at **ECF No. 2 is DENIED as MOOT**.

Plaintiff is warned that failure to comply may entails sanctions including but not limited to dismissal of the petition.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 17th day of August, 2021.

                                          **S/AIDA M. DELGADO-COLÓN**
                                          **United States District Judge**