THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**ERNESTO RUIZ ROMERO,**

   **Plaintiff,**

   v.

**SECRETARY OF JUSTICE OF PUERTO RICO,**

   **Defendant,**

Civil No. 21-1041 (ADC)

**OPINION AND ORDER**

**I.   Procedural and factual background**

Plaintiff, who is an experienced filer in this District Court as well as in the state courts,[1] filed the instant action as a habeas corpus under 28 U.S.C. § 2254 ("petition").[2] **ECF No. 1**. In his 2-page petition plaintiff alleges that the Puerto Rico Secretary of Justice "threatened" him with "civil commitment." *Id.*, at 1. Without further explanation, plaintiff requested that this Court "enjoin" the Puerto Rico Court of First Instance ("state court") from "violating his rights" in Civil Case Nos. "JICR202000285" and "JIVP202001082." *Id*. Finally, plaintiff asks the Court to "find [him] in Courts, hospitals, correction department."[3] *Id.*, at 2.

---

[1] A search of petitioner's name in both District Court and state court dockets reveals that he has filed more than 23 cases in this Court and well over 50 civil actions in state court from 2012 to 2019.

[2] A glance at the dockets of plaintiff's other cases filed in this District Court would suggest that the petition at hand could be a second or successive petition, which authorization to file the Court here denies. *See* Rule 9 of the Rules Governing Section 2254 Cases.

[3] Plaintiff's assertion is borderline unintelligible. Moreover, the Court cannot make sense of what plaintiff meant with this assertion.

Plaintiff then filed a one-page "motion for mandamus." **ECF No. 2**. Plaintiff indicated that he "amend[s] [his] complaint to erase 2 civil commitment[s] that the secretary of justice forced [his] mom to do." **ECF No. 2** at 1. He claimed that the two civil commitment cases in state court will infringe[] on his right to bear arms and that he would seek "redress." *Id.* Nothing else is asserted as to these matters.

The Court entered an Opinion and Order explaining that:

> the Court found that plaintiff filed a very similar action to the one at hand. To wit, the same day he filed the instant complaint, plaintiff filed a second complaint against the Secretary of Justice. *See Ernesto Ruíz-Romero v. Secretary of Justice*, 21-1042 (GAG). Notably, in both cases plaintiff requests relief from the exact same two state court cases "JICR2020000285 and JIVP202001082." *In Ernesto Ruíz-Romero v. Secretary of Justice*, 21-1042 (GAG), the Court dismissed sua sponte plaintiff's complaint explaining that this Court cannot "transfer" or remove state court cases "JICR2020000285 and JIVP202001082" to this Court. Id. at 3. Upon a closer review, the Court discovered that plaintiff has filed several other cases against the "Secretary of Justice" with similar general allegations claiming that plaintiff cannot file civil action in state court. *See Ruíz-Romero v. Secretary of Justice*, et al., 20-1511 (RAM); *Ruíz-Romero v. Department of Justice of PR*, 20-1506 (RAM). In both of these cases, the Court appointed pro bono counsel. However, in both cases, counsel for plaintiff filed notices for voluntary dismissals. *Id*.

**ECF No. 3** at 1. Moreover, the Court denied plaintiff's mandamus and ordered plaintiff to:

> 1. Explain how the complaint in this case is any different from the complaint dismissed in *Ernesto Ruíz-Romero v. Secretary of Justice*, 21-1042 (GAG); 2. Explain when and where, and under what Judgment plaintiff was incarcerated and remains in custody. *See* 28 U.S.C. § 2254(a); 3. Explain the remedies exhausted by plaintiff, see id. at § 2254(b) and (c), and shall explain how his petition falls within any of the provisions of 28 U.S.C. § 2254(a), if any; 4. The Court also points out that plaintiff's petition at ECF No. 1, fails to include (i) a short and plain statement of the ground for the court's jurisdiction; (ii) a short and plain statement of the claim

> showing entitlement to relief; and (iii) a demand for the relief sought. Thus, plaintiff is also ordered to file an amended complaint in compliance with Fed. R. Civ. P. 8.

*Id*. Plaintiff moved for an extension of time and asked the Court for access to a law library. **ECF Nos. 4, 5**. The Court granted plaintiff an extension of time and referred plaintiff to public law libraries. *See* **ECF Nos. 4, 5, 6.** However, the Court explained that **"**most of the instructions [] in its Opinion and Order at ECF No. 3 [did] not require any legal analysis or access to a library." **ECF No. 6.** The Court added, "plaintiff does not need to do [legal] research to explain how the instant action is [] different from several other[s] filed by him in this District Court… plaintiff only needs his recollections or to review his pleadings." *Id*. Moreover, the Court indicated that "in order to provide information related to his incarceration status and or Judgment imposing a sentence of imprisonment, if any[,]" plaintiff only needed his recollection or documents he filed in other cases. **ECF No. 6**. Moreover, the Court reiterated that to comply with Fed. R. Civ. P. 8, plaintiff only needed to provide: "(i) a short and plain statement of the ground for the court's jurisdiction; (ii) a short and plain statement of the claim showing entitlement to relief; and (iii) a demand for the relief sought." *Id*.

Plaintiff filed a motion in "response to Court questions" and a motion in "response to Order." **ECF Nos. 7, 8**. In his first filing, plaintiff indicated that in the instant petition he was seeking habeas relief from civil commitment "or for violation of the due process by not using a[] forensic psychiatrist that comes from th[e] [civil] commitment." **ECF No. 7** at 1. Plaintiff added, "the order of detention to civil commitment were done and when I was out of civil

commitment that left me wounded, the habeas corpus was previously filed." *Id*. Plaintiff also informed that there were ongoing criminal prosecutions against him in state court that he tried to "transfer" to this District Court in other cases. Without explaining to the Court the terms or details of the order for civil commitment against him, plaintiff simply stated that he did not "need to remain in custody[]" in order to file his petition. *Id*. Plaintiff asserted he would "provide evidence of other criminal or civil commitment." *Id*., at 2. However, to this date, plaintiff has not submitted any such documents or any other information that would enable the Court to assess plaintiff's situation or the need for habeas relief or any other remedy for that matter.

In his second filing, *id*., plaintiff indicates that his petition is proper under the federal habeas corpus statute because the "rules for habeas corpus [are] more flexib[le] when dealing with civil commitment." *Id*., at 2. As to exhaustion of remedies, he claims that during proceedings where he was represented by a "trial attorney," he was able to obtain an expungement of the record.[4] *Id*. Finally, plaintiff asks the Court to "t[ell] the Government of Puerto Rico no to do civil commitment *in absen[t]ia* because it violates [the] due process of law." *Id*.

## II. Discussion

Judicial resources "are diminished… and confidence in the writ and the law it vindicates undermined, if there is judicial disregard for the sound and established principles

---

[4] Plaintiff did not indicate which record or case.

that inform [the] proper issuance" of a writ habeas corpus. *Harrington v. Richter*, 562 U.S. 86, 91–92 (2011). One of the cornerstones of habeas litigation is the deference to "the decision of a state court," which limits federal habeas relief "with respect to claims previously adjudicated on the merits in state-court proceedings." *Id*.

From the get-go, even though the Court granted plaintiff ample opportunity and time, plaintiff failed to submit even the slightest documentation to suggest the nature, status, or outcome of the state court proceedings he apparently[5] challenges herein. Thus, he failed to fulfil his promise that he would "provide evidence of other criminal or civil commitment." **ECF No. 7** at 2.

Not only did he fail to submit evidence in support, but he also failed to espouse the necessary factual allegations concerning the proceedings he challenges in this Court. Two years ago, this Court made it very clear to plaintiff that he needed to explain the grounds for jurisdiction and provide a statement of his claim. To this date, plaintiff has only provided two state court cases' number. This information is not enough especially if one considers the fact that state court proceedings are in the Spanish language. *See* 48 U.S.C. § 864; Local Civil Rule 5. Moreover, plaintiff does not challenge the sufficiency of the evidence in the state court proceedings, nor does he even suggest or proffer what the evidence was. 28 U.S.C.A. § 2254(f).

---

[5] From filings in the docket, the Court cannot confidently tell apart which proceedings petitioner is or was involved in. Indeed, petitioner only made passing reference of proceedings in which apparently the Department of Justice of Puerto Rico was a named party or interested party.

As a matter of fact, plaintiff's failure to state a claim precludes the Court from even understanding what he protests about and the relief he seeks via section 2254.

Aside from the allegation that he was allegedly absent during state court proceedings and the use of experts by the Court (or the lack thereof), plaintiff's fleeting allegations do not suggest any other "federal law" violations. 28 U.S.C.A. § 2254(d)(1). Even if the Court took a leap and entertained plaintiff's unsubstantiated claim that the civil commitment proceedings against him (the nature of which remains unknown to the Court) were conducted in his absence or without the intervention of an expert, the fact remains that as per plaintiff's contentions, such proceedings were held before a state court judge. As such, and in light of the barren record, this Court cannot afford plaintiff relief. The statute makes it clear that "[t]he applicant shall have the burden of rebutting the presumption of correctness [of the state court judgment] by clear and convincing evidence" and that **"a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C.A. § 2254(e)(1).

As discussed before, the Court ordered plaintiff to explain the status of his state-ordered custody. He replied that he was no longer in custody. Yet, plaintiff failed to provide any details as to the terms and conditions, if any, of the state court judgment for civil commitment. Thus, the Court cannot even ascertain any details regarding his "custody" or "future custody" under a state court judgment, which section 2254 requires. *See* Rules Governing Section 2254 Cases.

Likewise, plaintiff failed to explain what, if any, state remedies he exhausted before filing the instant action or the ineffectiveness of any such state procedure. *See* 28 U.S.C.A. § 2254(b)(1)(B)(i) *et seq*. ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that… the applicant has exhausted the remedies available in the courts of the State; or […] there is an absence of available State corrective process[.]")

According to Rule 4 of the Rules Governing Habeas Corpus Cases Under section 2254, this Court must examine plaintiff's petition to determine if it "plainly appears from the face of the petition ... that the petitioner is not entitled to relief in the district court," if so, the Court "must dismiss the petition." Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254; *see McFarland v. Scott*, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face). In this case, it is more than evident that the petition fails to state a claim for relief and fails to set the stage for the Court to consider section 2254's criterion.

**III.    Certificate of appealability**

Rule 11(a) of the Rules Governing § 2254 Proceedings provides that a "district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." To merit a COA, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Considering all the above, the Court **DENIES** the COA.

**IV.     Conclusion**

In light of all the above, the Court hereby DENIES plaintiff's section 2254 petition at **ECF No. 1**.

The case is thus dismissed. Clerk of Court shall enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 25th day of October, 2023.

                                                            **S/AIDA M. DELGADO-COLÓN**
                                                            **United States District Judge**